UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:                                    )   Case No. 10-16609
                                          )
KEVIN RAMSEY,                             )   Chapter 7
                                          )
        Debtor.                           )   Judge Pat E. Morgenstern-Clarren
                                          )
                                          )   **MEMORANDUM OF OPINION**
                                          )   **AND ORDER**[1]

Prepetition, Jacqueline Fort filed a lawsuit against debtor Kevin Ramsey and his company Trademark Windows & Doors, Inc. (Trademark) in Cuyahoga County Court of Common Pleas: *Fort v. Trademark Windows & Doors, Inc., et al.*, Case No. CV-09-706318 (the lawsuit). After Mr. Ramsey filed his bankruptcy case, Ms. Fort filed an adversary proceeding in this court asserting essentially the same claims against Mr. Ramsey and requesting a determination that the debt is not dischargeable: *Fort v. Ramsey*, Adv. No. 11-1057. Ms. Fort asks this court to lift the stay so that she may proceed with the lawsuit, and Mr. Ramsey opposes the request. (Docket 81, 86). The parties submitted the matter for decision on the filings.[2]

## JURISDICTION

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio and this is a core proceeding under 28 U.S.C. § 157(b)(2)(G) and (I). This decision is within this court's constitutional authority as analyzed by the Supreme Court in *Stern v. Marshall*, 79 U.S.L.W. 4564 (U.S. 2011).

---

[1] This memorandum of opinion is not intended for publication.

[2] *See* Minutes of Proceeding, Adv. No. 11-1057, docket 21.

# DISCUSSION

## A. Factual Background

On October 8, 2009, Ms. Fort filed the lawsuit against Mr. Ramsey and Trademark asserting claims for violation of the Consumer Sales Practices Act, breach of contract, and fraud/misrepresentation. The lawsuit alleges that Trademark and Mr. Ramsey are fundamentally indistinguishable, that Mr. Ramsey did not follow corporate formalities, that Mr. Ramsey exercised control over Trademark to commit fraud, and that the corporate veil should be pierced and personal liability imposed on Mr. Ramsey. The state court entered a default judgment against Trademark in the amount of $29,000.00.

On July 6, 2010, Mr. Ramsey filed a chapter 13 case, which he later converted to chapter 7. The automatic stay currently prevents Ms. Fort from proceeding with her lawsuit against him.[3] 11 U.S.C. § 362(a)(1). On March 14, 2011, Ms. Fort filed her adversary proceeding in which she requests a judgment against Mr. Ramsey and a determination that the judgment debt is not dischargeable under Bankruptcy Code § 523(a)(2). Mr. Ramsey filed an amended answer and a counterclaim for civil harassment.

## B. Relief From Stay

Ms. Fort requests relief from the automatic stay under § 362(d)(1) which provides for relief "for cause, including the lack of adequate protection of an interest in property[.]" 11 U.S.C. § 362(d)(1). The word "cause" is not defined beyond the reference to lack of adequate protection. "Although cause is not defined . . . , Congress did intend that the automatic stay be

---

[3] The case was dismissed on the trustee's motion and then reinstated to allow Mr. Ramsey to convert it. Docket 37, 42, 46. Ms. Fort does not dispute that reinstatement also reimposed the automatic stay.

lifted to allow litigation involving the debtor to continue in nonbankruptcy forums under certain circumstances." *In re United Imps., Inc.*, 203 B.R. 162, 166 (Bankr. D. Neb. 1996) (citing legislative history). The decision whether to grant relief for cause is within this court's sound discretion and is to be made based on the facts of the case. *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994).[4]

To determine whether cause exists to allow litigation involving a debtor to proceed in a non-bankruptcy forum, this court must "balance the potential prejudice to the debtor, to the bankruptcy estate, and to the other creditors against the hardship to the moving party if [she] is not allowed to proceed[.]" *Wiley v. Hartzler (In re Wiley)*, 288 B.R. 818, 822 (B. A. P. 8th Cir. 2003); *see also In re Laguna Assocs. Ltd. Partnership,* 30 F.3d at 737 (noting that § 362(d) provides for relief from stay because the automatic stay provisions "may impose unfair hardship on particular creditors"). A number of different factors may be considered on this issue. *See, for example, Garzoni v. K-Mart Corp. (In re Garzoni),* 35 Fed. Appx. 179, 181 (6th Cir. 2002) (unpublished) (listing factors to be considered); *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),* 907 F.2d 1280, 1286 (2d Cir. 1990) (discussing the factors to be weighed in deciding whether litigation should be permitted to continue against a debtor); *Robbins v. Robbins (In re Robbins),* 964 F.2d 342, 345 (4th Cir. 1992) (listing factors that courts consider on this issue).

Relevant factors include:(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3)

---

[4] Mr. Ramsey argues that Ms. Fort bears the burden of proof; however, the party opposing relief from stay bears the burden of proof on all issues except for the issue of the debtor's equity in real property. 11 U.S.C. § 362(g).

3

whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) the impact of the stay on the parties and the balance of harms. *In re United Imps., Inc.*, 203 B.R. at 166-67; *In re Lamberjack*, 149 B.R. 467, 470 (Bankr. N.D. Ohio 1992). Additional factors include: whether the litigation involves other parties over which the bankruptcy court lacks jurisdiction; whether the creditor has a probability of success on the merits; and whether the interests of the debtor and the estate will be better served by resolution of threshold bankruptcy issues before addressing the forum issue. *In re United Imps., Inc.,* 203 B.R. at 167.

In this case, the interests of judicial economy factor weighs in favor of lifting the stay because the lawsuit was pending in the state court for almost a year before the debtor's bankruptcy case was filed, the state court is familiar with the state law claims, and the state court previously entered default judgment against the co-defendant, Trademark. The fact that the United States trustee has filed a proceeding seeking to deny Mr. Ramsey a discharge provides further support for relief under this factor.[5] If the UST is successful, Ms. Fort's request for a

---

[5] *United States Trustee v. Ramsey*, Adv. No. 11-1101 (Bankr. N.D. Ohio).

4

10-16609-pmc    Doc 88    FILED 07/07/11    ENTERED 07/07/11 16:57:23    Page 4 of 6

dischargeability determination will become moot. In that event, permitting the lawsuit to proceed in state court will prevent wasted effort establishing the debt in this court. Although Mr. Ramsey argues that judicial economy weighs against granting relief because Ms. Fort's claims lack merit, the merits of the claims have not yet been determined and this court does not have sufficient information from which to draw a conclusion as to whether Ms. Fort is likely to prevail.

Mr. Ramsey argues that the balance of the harm and trial readiness factors weigh against granting relief. He contends that he will be harmed because he represents himself in this adversary proceeding and is familiar with the Bankruptcy Code and Bankruptcy Rules. In contrast, he is not familiar with Ohio law and rules and will have to hire an attorney if the lawsuit goes forward in state court. This argument is not persuasive because, regardless of where the dispute is litigated, Ohio law will determine whether there is a debt and, if so, in what amount. Consequently, the balance of the harm factor does not weigh either for or against granting relief. Similarly, the fact that the lawsuit is not ready for trial in state court does not weigh either for or against granting relief because the lawsuit is not ready for trial in either forum.

On consideration of the relevant factors, the court finds that relief from stay is appropriate to permit the lawsuit to proceed in state court.

## **CONCLUSION**

Ms. Fort's motion for relief from stay is granted to permit her to proceed against debtor Kevin Ramsey in the lawsuit. This court will hold Ms. Fort's adversary proceeding in abeyance until after the state court determines the underlying claims. At that point, this court will

determine whether the debt, if any, is dischargeable.  The parties are to file a joint report by

**November 1, 2011** as to the status of the state court lawsuit.  Based on that report, this court will

either set a date for filing another status report or will set a pretrial hearing in the adversary

proceeding.

    IT IS SO ORDERED.

                                        /s/ Pat E. Morgenstern-Clarren
                                        Pat E. Morgenstern-Clarren
                                        United States Bankruptcy Judge